


BHW: USAO 2019R00228

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. PX19CR518 |
| LACHANN ALEXIS GREEN, | * (Wire Fraud, 18 U.S.C. § 1343; |
| | * Forfeiture, 18 U.S.C. § 981(a)(1)(C), |
| Defendant | * 21 U.S.C. § 853, 28 U.S.C. § 2461(c)) |

*******

## INDICTMENT

### COUNTS ONE THROUGH FIVE
(Wire Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1. Business 1, headquartered in Greenbelt, Maryland, was a business that managed residential apartment buildings in various states, including in Maryland.

2. "Rhode Island Row" was a residential apartment complex managed by Business 1 located at 2300 and 2350 Washington Place Northeast in Washington, DC.

3. The Defendant **LACHANN ALEXIS GREEN** was employed by Business 1 as the general manager of Rhode Island Row.

4. The employee handbook for Business 1 required its employees to "disclose any financial interest" they had in "any firm that does business with" Business 1 as well as "[a]ny conflict or potential conflict of interest" to Business 1.

5. Eagle Bankcorp, Inc. ("EagleBank") was headquartered in Maryland and operated bank branches in numerous states, including Maryland.

6. Business 1 opened and maintained a business bank account at EagleBank to pay expenses for Rhode Island Row (the "EagleBank Account").

7. The Maryland State Department of Assessments and Taxation ("SDAT") was responsible for, among other things, serving as the custodian of documents relating to the organization and ownership of many types of business entities that are required to file documents with the State of Maryland, including registrations, articles of organization, and charters.

8. "Executive Property Staffing" ("EPS") was a business purportedly located in Beltsville, Maryland, which was registered with SDAT.

9. Navy Federal Credit Union ("NFCU") was headquartered in Virginia and operated bank branches in numerous states, including Maryland.

10. **GREEN** opened and maintained several accounts at NFCU in her own name, including two checking accounts, the 1332 Account and the 1324 Account.

## The Scheme to Defraud

11. Between in or about October 2017 and in or about December 2018, in the District of Maryland and elsewhere, the defendant,

**LACHANN ALEXIS GREEN,**

together with others known and unknown to the Grand Jury, knowingly and willfully devised and intended to devise a scheme and artifice to defraud Business 1, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises ("the scheme to defraud").

## Manner and Means of the Scheme to Defraud

It was part of the scheme to defraud that:

12. **GREEN** registered a fraudulent shell business with SDAT. On or about October 4, 2017, **GREEN** registered EPS with SDAT, or caused the company to be registered.

13. **GREEN** created and submitted, or caused to be created and submitted, fraudulent invoices to Business 1 in the name of EPS for staffing, cleaning, and maintenance work at Rhode Island Row that had not been done by EPS.

14. **GREEN** did not disclose her involvement with EPS to Business 1.

15. **GREEN** opened, or caused to be opened, a NFCU business bank account in the name of EPS for the purpose of receiving payments from Business 1 (the "6838 Account").

16. **GREEN** transferred funds received from Business 1 from the 6838 Account into the 1324 Account and the 1332 Account or used the funds for her own personal gain.

17. **GREEN** created and submitted, or caused to be created and submitted, fraudulent invoices to Business 1 for expenses that **GREEN** falsely claimed she had incurred in the course of her duties as general manager of Rhode Island Row.

18. **GREEN** created and submitted, or caused to be submitted, fraudulent resident application information to Business 1 on behalf of two relatives (the "Relatives") so that the Relatives could live at Rhode Island Row under fake names and under favorable lease terms.

19. **GREEN** created and submitted, or caused to be created and submitted, fraudulent invoices to Business 1 in the name of another business owned and operated by a personal associate ("Individual 1"). In return, Individual 1 paid **GREEN** a portion of the proceeds.

## The Charges

20. On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant,

**LACHANN ALEXIS GREEN,**

together with others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the scheme to defraud, knowingly transmitted and caused to be transmitted in interstate commerce by means of a wire communication, any writings, signs, signals, pictures, and sounds, as set forth below:

| COUNT | DATE | WIRE DESCRIPTION |
|---|---|---|
| 1 | October 27, 2017 | A wire transmission from within Maryland to a server outside of Maryland caused by depositing into the 6838 Account a $4,368 check from the EagleBank Account |
| 2 | November 1, 2017 | A wire transmission from within Maryland to a server outside of Maryland caused by depositing into the 1332 Account a $3,533.82 check from the EagleBank Account |
| 3 | January 23, 2018 | A wire transmission from within Maryland to a server outside of Maryland caused by an $11,368.38 Automated Clearing House ("ACH") credit to the 6838 Account from the EagleBank Account |
| 4 | June 18, 2018 | A wire transmission from within Maryland to a server outside of Maryland caused by a $6,140.98 ACH credit to the 6838 Account from the EagleBank Account |
| 5 | October 17, 2018 | A wire transmission from within Maryland to a server outside of Maryland caused by a $19,732.01 ACH credit to the 6838 Account from the EagleBank Account |

18 U.S.C. § 1343

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Counts One through Five of this Indictment.

### Wire Fraud Forfeiture

2. Upon conviction of the offenses set forth in Counts One through Five of this Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant,

**LACHANN ALEXIS GREEN,**

shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, including, but not limited to, at least $45,142.21 in the form of a money judgment.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Robert K. Hur* /bhw
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: 11/4/19