**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No.   PX-19-0518 |
| **LACHANN ALEXIS GREEN** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION TO SUPPRESS EVIDENCE SEIZED IN WARRANTLESS SEARCHES,
PURSUANT TO SEARCH WARRANTS, AND DERIVATIVE EVIDENCE**

Ms. Lachann Green, through undersigned counsel, pursuant to Federal Rule of Criminal Procedure 12(b)(3) hereby moves this Honorable Court to suppress any evidence seized in violation of the Fourth Amendment to the United States Constitution.  In support thereof, Ms. Green states the following:

**I.     Evidence Seized During Warrantless Searches**

Ms. Green is charged in the Indictment with five counts of wire fraud under 18 U.S.C. § 1343.  The government may seek to introduce at trial evidence seized during warrantless searches. This motion applies to all such searches whether or not currently known to Ms. Green or specified herein, but in particular includes the FBI's warrantless forensic imaging and forensic searches of any computer media used by Ms. Green that was provided to the FBI by Bozzuto Management Company, including but not limited to:

- An Apricorn hard drive following consent to search that hard drive granted by an employee of the Bozzuto Management Company on July 31, 2019, and

- A Dell Latitude 3440, Dell Latitude 3470, and Dell Desktop provided to the FBI on November 6, 2019.

The defense also understands that Bozzuto retained the services of a computer forensics firm, Atlantic Data Forensics, to review the contents of computers linked to Ms. Green. This motion thus also applies to any disclosure to the FBI by the Bozzuto Management Company or Atlantic Data Forensics of any contents of any computer media linked to Ms. Green, including the contents of her work email account.

"Within the workplace context, [the Supreme] Court has recognized that employees may have a reasonable expectation of privacy against intrusions by police." *O'Connor v. Ortega*, 480 U.S. 709, 716 (1987) (citing *Mancusi v. DeForte,* 392 U.S. 364 (1968)). This is so because "[t]he Fourth Amendment's protection of offices and commercial buildings, in which there may be legitimate expectations of privacy, is . . . based upon societal expectations that have deep roots in the history of the Amendment." *Oliver v. United States*, 466 U.S. 170, 178 n.8, (1984).

As the Supreme Court noted in *Riley v. California*: "Our cases have determined that '[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing,... reasonableness generally requires the obtaining of a judicial warrant.' Such a warrant ensures that the inferences to support a search are 'drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.' In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." 134 S. Ct. 2473, 3482 (2014) (quoting *Vernonia School Dist. 47J v. Acton*, 515 U.S. 646, 653 (1995), *Johnson v. United States*, 333 U.S. 10, 14 (1948); *Kentucky v. King*, 131 S.Ct. 1849, 1856-1857 (2011).)

In *Riley*, the Court held that the search of a cell phone generally requires a warrant. 134 S. Ct. 2473, 2493, and this principle applies with equal force to other electronic devices with data

storage capabilities, including computers and storage media such as thumb drives. Therefore, even assuming the computer media were the property of Bozzuto, and even assuming that Bozzuto purportedly consented to their search by the FBI or provided them to the FBI, Ms. Green held a legitimate expectation of privacy in these devices and any warrantless search of them was unreasonable under the Fourth Amendment.

To the extent the government contends that some computer-use policy of Bozzuto permitted Bozzuto to search Ms. Green's work computer and storage devices, such a policy does not perforce eliminate Ms. Green's expectation of privacy in these devices vis à vis a search by law enforcement agents. *See, e.g.*, *United States v. Mendlowitz*, No. 17 Cr. 248 (VSB), 2019 WL 1017533 at *7 (S.D.N.Y March 2, 2019) (defendant challenging search and seizure by law enforcement had reasonable expectation of privacy in his own office, including items saved on the desktop of his office computer, notwithstanding company policy notifying employees that such contents are not private) (distinguishing *United States v. Simons*, 206 F.3d 392, 398 (4th Cir. 2000) (government employee challenging search by governmental employer lacked reasonable expectation of privacy in items downloaded from the internet and stored on his office computer hard drive in light of employer's internet usage auditing policy.)) Moreover, even assuming *arguendo* that such a policy could defeat Ms. Green's expectation of privacy, the existence of such a policy and Ms. Green's awareness of any such policy would be issues of fact for the Court to determine at a hearing.

**II.     Evidence Allegedly Seized Pursuant to Search Warrants**

The government may seek to introduce at trial evidence allegedly seized pursuant to certain search warrants. This motion applies to all such searches whether or not currently known to Ms.

Green or specified herein, including without limitation the search of Hotmail email accounts linked to Ms. Green pursuant to a November 4, 2019 search warrant.

This evidence should be suppressed for two independent reasons.  First, it is derivative of the unreasonable warrantless forensic searches discussed *supra*.  The search warrant affidavit appears to rely for probable cause on, *inter alia*, results of the forensic searches of Ms. Green's computer media, including citation to contents of her work email account.  For example, at page 4 of the affidavit, the affiant asserts that "[a]n email fount on Green's work computer indicates that she had a template for these EPS invoices."  At pages 8 and 9, the affiant stats that "[a] review of Green's Bozzuto email account indicates that she regularly used the target accounts to conduct business . . . ."  As such, evidence seized pursuant to these warrants are "fruit of the poisonous tree" and should be suppressed.  *Wong Sun v. United States,* 371 U.S. 471 (1963).

Second, the affidavits provided in support of the applications for the search warrants failed to establish probable cause to permit the search and/or seizure authorized.  As such, the warrants should not have issued.

The Fourth Amendment requires that no search warrant shall issue without probable cause.  Probable cause means a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  In evaluating the propriety of the warrant issued, this Court must determine whether there is substantial evidence in the record to support the magistrate's decision to issue the warrant.  *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984).  While this Court should pay "great deference" to findings of probable cause, it does not mean that warrants should be upheld when based on objectively unreasonable grounds for believing the warrant is valid. *Gates*, 462 U.S. at 236.

4

The "good faith" exception to the exclusionary rule noted in *United States v. Leon,* 468 U.S. 897 (1984), does not apply to these searches and seizures because the activity of law enforcement in this case was objectively unreasonable. The "good faith" exception does not apply in this case for one or more of the following reasons: 1) the search warrants were issued in reliance on false statements or misleading omissions in the applications; 2) the magistrate acted as a "rubber stamp" in approving the search warrants, rather than in "neutral and detached" fashion; 3) the applications were legally insufficient for a determination of probable cause; and/or 4) the applications were "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 914-923 (citations omitted). In essence, *Leon*'s "good faith" exception is not applicable because "this is not a case of 'objectively reasonable law enforcement activity.'" *United States v. Wilhelm*, 80 F.3d 116, 123 (4th Cir. 1996).

### III. Additional Searches and Seizures, Derivative Evidence, Reservation of Right to Supplement

Any additional searches and seizures, whether pursuant to warrants or warrantless, were also unreasonable and conducted in violation of the Fourth Amendment.

All fruits of these unreasonable searches, including without limitation statements and tangible evidence, should be suppressed pursuant to *Wong Sun v. United States,* 371 U.S. 471 (1963).

Because both discovery and investigation of this case are ongoing, the defense reserves the right to supplement this motion, as well as to move for suppression of evidence based on grounds not now discernible such as, but not limited to, rights under *Franks v. Delaware*, 438 U.S. 154 (1978).

**WHEREFORE**, Ms. Green requests that this Court grant an Order of Suppression on the grounds alleged herein, in any supplemental memoranda, and any other grounds that may become apparent upon a hearing on the motion.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

/s/
NED SMOCK
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770-4510
Phone: (301) 344-0600
Fax: (301) 344-0019
Email: ned_smock@fd.org

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a hearing is requested on the defendant's Motion.

/s/
NED SMOCK
Assistant Federal Public Defender