**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No.   PX-19-0518 |
| **LACHANN ALEXIS GREEN** | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**MOTION TO SUPPRESS STATEMENTS**

Ms. Lachann Green, through undersigned counsel, hereby moves this Honorable Court pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure to suppress any and all statements, admissions, and confessions ("statements") allegedly given by Ms. Green, whether oral, written or otherwise recorded, which the government proposes to use as evidence at trial.   In support thereof, Ms. Green alleges as follows:

1.   Ms. Green is charged in the Indictment with five counts of wire fraud under 18 U.S.C. § 1343.

2.   Discovery indicates that Ms. Green allegedly made certain statements to law enforcement.  This motion seeks to exclude all alleged statements which the government may seek to introduce at trial, whether or not such statements are yet known to counsel or are specified herein.  However, without limitation, the following alleged statements are specifically at issue: statements allegedly made by Ms. Green to law enforcement officers on November 6, 2019, after she surrendered to agents on an arrest warrant at the Greenbelt courthouse.

3.   Ms. Green is entitled to a hearing regarding the voluntariness of any alleged statements in accordance with the provisions of 18 U.S.C. § 3501 and the principles set forth in *United States v. Inman*, 352 F.2d 954 (4th Cir. 1965).   If, at such hearing, the government fails to establish that such statements were not obtained in violation of Ms. Green's privilege against self-

incrimination, nor her right to counsel as guaranteed by the Fifth and Sixth Amendments to the United States Constitution, nor the Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436 (1966), *and* were not otherwise involuntary, *see Mincey v. Arizona*, 437 U.S. 385 (1978); *McNabb v. United States*, 318 U.S. 332 (1943), such statements should be suppressed.  *See United States v. Robinson*, 404 F.3d 850, 860 (4th Cir. 2005) (government bears burden of establishing admissibility of statement.)

4. If Ms. Green's statements are suppressed, all derivative evidence obtained as a result of information learned by law enforcement from Ms. Green's statements should also be suppressed under *Wong Sun v. United States,* 371 U.S. 471 (1963) and *Brown v. Illinois*, 422 U.S. 590 (1975).

**WHEREFORE**, Ms. Green moves that all statements, admissions and confessions which the government proposes to use as evidence against her, whether oral, written or otherwise recorded, be suppressed.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
NED SMOCK
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770-4510
Phone: (301) 344-0600
Fax: (301) 344-0019
Email: ned_smock@fd.org

## **REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on Defendant's motion.

/s/
NED SMOCK
Assistant Federal Public Defender